NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-628

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527440

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment that affirmed his final classification by the Sex Offender Registry Board (SORB) as a level two sex offender. Because we discern no error in the SORB hearing examiner's weighing of the relevant factors or in her conclusion that Internet dissemination of Doe's sex offender registry information served a public safety interest, we affirm.

1.  Discussion.  a.  Standard of review.  "A reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019)

(Doe No. 496501), citing G. L. c. 30A, § 14 (7). "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6). "We give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019).

b. Weight of factors 7 and 19. Doe argues that the hearing examiner abused her discretion in weighing factors 7 (relationship between offender and victim) and 19 (level of physical contact). To support a level two sex offender classification, SORB must prove "by clear and convincing evidence, that '(1) the offender's risk of reoffense is moderate; (2) the offender's dangerousness is moderate; and (3) a public safety interest is served by Internet publication of the offender's registry information.'" Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 138 (2019) (Doe No. 23656), quoting Doe No. 496501, 482 Mass. at 656. Whether to apply a given statutory or regulatory factor and, if so, the weight to be accorded to that factor are questions within the hearing examiner's discretion. See Doe,

2

Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014).

Here, the hearing examiner applied factor 7 (relationship between offender and victim) with "greater weight." In support of this determination, the examiner found that Doe was in a "position of trust" with the victim at the time of the sexual assault because Doe had been the victim's cello instructor, music director, and "mentor" the summer before committing the index offenses against the child victim (child), and he had continued to socialize with the child and the child's family in the interim. The examiner also noted that the risk of reoffense and degree of dangerousness posed by Doe were elevated because the child was an "extrafamilial victim." Accordingly, the examiner's application of "greater weight" to this risk-elevating factor was supported by the evidence. We are not persuaded that in the circumstances, Doe's trust relationship with the child terminated with the conclusion of Doe's role as the child's music instructor and theater supervisor, or that the hearing examiner misapplied factor 7.

As to factor 19, the hearing examiner found that it applied because Doe penetrated the child's vagina digitally and with his

tongue.[1]  Accordingly, the hearing examiner applied this factor "regarding dangerousness," and implicitly limited the weight she gave to it based on the lack of penile penetration involved in Doe's sexual assault on the child.[2]  We are not persuaded by Doe's contention that in her assessment of the evidence relevant to this factor, the hearing examiner failed to consider a study that Doe submitted.  First, the examiner's findings explicitly state that she did consider the article.  Second, to the extent that Doe challenges the weight ascribed by the hearing examiner to that article,[3] we discern no abuse of discretion.  This is because the article focused on sex offenders' risk of recidivism, while factor 19 explicitly goes to an offender's dangerousness -- even if the examiner gave the article no weight, her decision was not an abuse of discretion.  See Doe No. 23656, 483 Mass. at 135 n.4; 803 Code Mass. Regs. § 1.33(19)(a) (2016).

---

[1] The hearing examiner also found that Doe licked the child's breasts, but did not include that finding in the discussion of factor 19.

[2] When describing the governing sex offense, the hearing officer found that the child refused Doe's request that the child put Doe's penis in the child's mouth.

[3] The hearing examiner noted that as to the articles Doe submitted, "I give those articles appropriate weight in consideration of the superintendence of the Board's regulations . . . and accordingly, only to the extent the findings are consistent with those regulations."

4

Doe's challenge to the level two classification is not persuasive where the hearing examiner made an evenhanded assessment of the evidence. On the one hand, the examiner found that one high-risk factor applied where Doe offended as an adult against a child victim (factor 3), the risk of reoffense and the level of dangerousness were elevated by the trust relationship between Doe and his extrafamilial victim (factor 7), and Doe's physical contact with the child increased Doe's dangerousness (factor 19). Against this, the hearing examiner considered in mitigation Doe's period of postincarceration probation supervision (factor 28), the possibility that Doe might establish a stable and supportive home situation if he were permitted to leave Massachusetts after his release from prison (factors 33 and 34), and (to the extent it was consistent with the Board's regulations) research bearing on recidivism and dangerousness among sex offenders (factor 37). The hearing examiner's findings were supported by the evidence and reflected the examiner's qualitative assessment of the relevant regulatory factors; the "examiner did not merely list these factors," but instead "provided a detailed account of the evidence she considered and an explanation of the relative weight that she assigned each factor." Doe No. 23656, 483 Mass. at 143. Considered together, the statutory and regulatory risk factors established that Doe presented a moderate risk of reoffense and

5

a moderate degree of dangerousness.  See Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012) (no error where sex offender's classification based on "a sound exercise of informed discretion rather than the mechanical application of a checklist").  See also Doe No. 23656, supra at 138-139.

c.  Internet dissemination.  After applying the statutory and regulatory factors to the facts of Doe's case, the hearing examiner properly moved on to the third and final step of the classification process:  determination of the need for Internet publication of Doe's sex offender registry information.  See Doe No. 496501, 482 Mass. at 654, citing 803 Code Mass. Regs. § 1.20(2) (2016).  In making her assessment, the examiner properly considered "whether, in light of the particular risks posed by the particular offender, Internet access to that offender's information might realistically serve to protect the public against the risk of the offender's sexual reoffense." Doe No. 496501, supra, at 655.  As reflected in her written decision, the examiner found that Doe's index offense was committed against a child, involved penetration of the child's vagina with Doe's fingers and tongue, and was effected by Doe's exploitation of a trust relationship with the victim.  She also took into account Doe's plans to leave Massachusetts if permitted to do so and the five-year term of his probation (and,

6

inferentially, its attendant conditions) after his release from prison.  Against that backdrop, the hearing examiner determined that Internet publication of Doe's sex offender information would serve the interest of public safety by alerting parents to the need to protect their children from forming the "trusting relationship[s]" with Doe that he exploited in committing the index offenses.  We discern no error in this conclusion and affirm Doe's classification as a level two sex offender.

Judgment affirmed.

By the Court (Desmond, Hand &
  Hodgens, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  October 20, 2023.

---

[4] The panelists are listed in order of seniority.